**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
) ID 1206024952
v. )
)
DWAYNE EVANS, )
)
Defendant. )

## ORDER LIFTING THE STAY AND DENYING RULE 35(A) MOTION

Having considered Dwayne Evans' ("Evans") Motion for Correction of Illegal Sentence (the "Motion"), for the reasons that follow, the Motion is **DENIED**.

*Introduction*

1.      After the United States Supreme Court's decision in *Erlinger v. United States*[1] in June 2024, many Delaware defendants serving a prison sentence filed a motion under Superior Court Criminal Rule 35(a) arguing that his sentence was illegal.  Due to the significant number of motions seeking relief under *Erlinger*, the court coordinated with counsel to establish a consolidated briefing schedule for a subset of the cases (*i.e.,* the Bellwether Cases).[2]  Many of the remaining motions, including this one, were stayed pending a ruling in the Bellwether Cases.

---

[1] 602 U.S. 821 (2024).
[2] *See* D.I. 43.

2. Upon further review of Evans' Motion, the Court has determined that there is no need to wait for a ruling in the Bellwether Cases to address the Motion. Accordingly, the stay is hereby **LIFTED**.

*Procedural and Factual Background*

3. In 2012, Evans was indicted on seven charges, including Murder First. The charges stem from an altercation between Evans and his uncle, during which Evans stabbed his uncle, who later died.

4. On June 24, 2013, Evans pled guilty to Murder Second.[3] Evans signed the Plea Agreement. He also signed the Truth-In-Sentencing ("TIS") form, affirming that he was waiving certain constitutional rights, including his right to a trial by jury. The TIS reflected that Evans faced a prison term of 15 years (minimum mandatory) to Life.

5. The Court held a colloquy with Evans, during which Evans pled guilty to Murder Second and admitted that he was pleading guilty because he was in fact guilty of this crime.[4] Evans also confirmed that he: (i) answered the questions in the TIS truthfully;[5] (ii) understood he would not have a trial;[6] (iii) was not forced or threatened into entering into the Plea Agreement;[7] and (iv) was satisfied with

---

[3] Plea Transcript, D.I. 25.
[4] *Id.* at 5.
[5] *Id.* at 6.
[6] *Id.* at 8.
[7] *Id.* at 6.

2

counsel's representation.[8]  Evans also confirmed he understood that Murder Second carried a sentence of 15 years minimum mandatory and up to Life at Level V.[9]

6.      The Court found that Evans was entering into the agreement knowingly, voluntarily, and intelligently, and accepted the guilty plea.[10]  On October 10, 2013, effective June 30, 2012, the court sentenced Evans to 25 years at Level V, followed by 1 year at Level IV DOC Discretion, followed by 2 years at Level III.[11]

***The Motion***

7.      In the Motion, Evans argues that under *Erlinger v. United States,*[12] *Wooden v. United States,*[13] *Apprendi v. New Jersey,*[14] *Blakely v. Washington,*[15] and other cases, his Fifth and Sixth Amendment rights were violated because "there was no jury present to determine Defendant's punishment (sentence) besides the statutes of crimes."  While acknowledging that statutes set a sentencing range, Evans argues that he had a right to have a jury determine his guilt and punishment.[16]  Without a jury at the sentencing phase, Evans claims he was subjected to increased punishment by the judge making factual findings.  Evans challenges his sentence as illegal and

---

[8] *Id.* at 10.
[9] *Id.* at 9.
[10] *Id.* at 15.
[11] D.I. 16.
[12] 602 U.S. 821 (2024).
[13] 595 U.S. 360 (2002).
[14] 530 U.S. 466 (2000).
[15] 542 U.S. 296 (2004).
[16] D.I. 42.

contends that if he were to be retried now, he would be subjected to Double Jeopardy. Therefore, he requests that his sentence be vacated and that he be immediately released from custody.

***Standard of Review***

8. Under Superior Court Criminal Rule 35(a), the Court "may correct an illegal sentence at any time."[17] Rule 35(a) relief is limited to instances

> when the sentence imposed exceeds statutorily-authorized limits, [] violates the Double Jeopardy Clause, . . . is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[18]

***Analysis***

9. Murder Second is a Class A Violent Felony, which carries a statutory penalty of 15 years to Life at Level V.[19] Under the Delaware Sentencing Accountability Commission ("SENTAC") guidelines, the presumptive sentence is 15 years at Level V.

10. After a Presentencing Investigative Report, the sentencing judge exercised his discretion, imposing a sentence of 25 years on the Murder Second

---

[17] Super. Ct. Crim. R. 35(a).
[18] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted). *See Ellerbe v. State*, 155 A.3d 1283 (TABLE), 2017 WL 462144, at *1 (Del. Feb. 2, 2017).
[19] 11 *Del. C.* § 4205(b)(1).

charge. While above the minimum mandatory and SENTAC guidelines, it is not illegal.[20] A sentence of 22 years at Level V is within the statutory limits.

11. After the United States Supreme Court's decision in *Erlinger*[21] in June 2024, Evans, like many other defendants serving Level V sentences, filed the Motion under Superior Court Criminal Rule 35(a), arguing that his sentence was illegal because a jury did not make factual findings before imposing enhanced sentencing.

12. *Erlinger* ruled that "'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[22] Case law makes clear "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."[23]

---

[20] *Wallace v. State,* 326 A.3d 708 (TABLE), 2024 WL 3874151, at *5 (Del. Aug. 20, 2024) ("[A] sentence is not illegal simply because it exceeds the SENTAC guidelines." (quoting *Smith v. State*, 287 A.3d 1159 (TABLE), 2022 WL 17087056, at *2 (Del. Nov. 18, 2022)) (citing *Richmond v. State*, 279 A.3d 815(TABLE), 2022 WL 2276282, at *2 (Del. June 22, 2022)). *See also Siple v. State,* 701 A.2d 79, 82 (Del. 1997) ("The [SENTAC] standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards.").

[21] 602 U.S. 821 (2024).

[22] *Id.* at 835 (cleaned up); *Alleyne v. United States*, 570 U.S. 99, 111-13, (2013) ("'[a] fact that increases' a defendant's exposure to punishment, whether by triggering a higher maximum *or* minimum sentence, must 'be submitted to a jury' and found unanimously and beyond a reasonable doubt.'"; *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[23] *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original).

5

13. Evans pled guilty, thereby admitting to the elements of Murder Second. He consented to a waiver of his right to a jury trial and affirmed that he was subject to a sentence of 15 years to Life. Evans was sentenced within the statutory limits. The sentencing judge did not determine any fact which increased Evans' minimum or maximum penalty. Thus, he was not subjected to enhanced sentencing. *Erlinger* and the other cases Evans relies on have no application here.

14. Evans' sentence was not illegal. The Motion is ***DENIED***.

**IT IS SO ORDERED**.

July 11, 2025

> /s/Kathleen M. Miller
> Kathleen M. Miller, Judge

cc:  Original to Prothonotary
Dwayne Evans (SBI# 00465428)
Barzilai K. Axelrod, Deputy Attorney General